UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**MEMO ENDORSED**
*As Amended*

MERCK EPROVA AG and
MERCK KGaA

                         **Plaintiffs,**

-vs.-

PROTHERA, INC.,

                         **Defendant.**

08 CV 00035 (RMB)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/15/08

### STIPULATED PROTECTIVE ORDER

This matter comes before the Court on the stipulated motion of Plaintiffs Merck Eprova AG and Merck KGaA (collectively "Merck") and Defendant ProThera Inc. ("ProThera") for entry of a Stipulated Protective Order pursuant to Fed. R. Civ. P. 26(c). The Parties have advised the Court that trade secrets and other confidential information may be disclosed in discovery and at any hearing or trial of this cause. The Court finds that it is appropriate to enter the Stipulated Protective Order proposed by the Parties. For the foregoing reasons, it is hereby ORDERED as follows:

    1.     **Scope of Stipulated Protective Order**. This Stipulated Protective Order shall be applicable to and govern without limitation, all information, things or documents (or portions thereof) produced in response to discovery requests, subpoenas, answers to interrogatories, depositions, exhibits, motions, briefs, pre-trial orders, stipulations, responses to requests for admission and all other discovery taken, testimony adduced at trial, matters in evidence before this Court and settlement discussions and other information a party, or non-party responding to a subpoena, reasonably and in good faith believes to contain trade secrets or other confidential, propriety, technical or commercial information that any party or non-party disclosing the information ("Designating Party") designates as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" which is thereafter furnished, filed or served directly or indirectly, by or on behalf of that party in connection with the above-captioned action (this

"Proceeding" or this "Litigation"). The treatment of all documents and other information so designated shall be governed by the terms of this Stipulated Protective Order. This Stipulated Protective Order shall be understood to encompass not only those items or things that are expressly designated as Confidential Material, but also any information that can only be derived therefrom, and all copies, photographs, excerpts, and summaries thereof, as well as testimony and oral conversation derived therefrom or related thereto.

2. **Definition of Confidential Material.** "Confidential Material" shall be interpreted to encompass any confidential, proprietary or otherwise sensitive information as to which the Designating Party customarily takes steps to limit or prevent its disclosure or misuse, including trade secrets; such as product formulations, manufacturing processes, know-how, research and development projects and results; commercial, financial, budgeting and/or accounting information; information about existing potential customers, marketing and branding studies, performance and projections, business strategies, decisions and/or negotiations, and/or pricing; and confidential and proprietary information about affiliates, parents, subsidiaries, and third Parties with whom the Parties to this action have had business relationships.

3. **Confidential Material Designations.** Any Person who produces, gives, serves, files, or otherwise provides Confidential Material may designate such materials as follows:

    A. A real or non-party may designate as "CONFIDENTIAL" any non-public material which it supplies, discloses, produces, files or uses in connection with this Proceeding, which it does not wish to be disclosed to the public.

    B. A real or non-party may designate as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" any non-public material which it supplies, discloses, produces or uses in connection with this Proceeding when it has a good faith belief that the disclosure of such material to the adverse party may have an adverse business effect on the Designating Party. Information or materials designated as "Confidential -- Attorneys' Eyes Only" shall be those things of a proprietary business or technical nature including, for example, technical and financial data, that might be of value to a competitor or potential customer or vendor of the party

2

or non-party holding the proprietary rights thereto and must be protected from disclosure.

4. **Use Limitations.** All "Confidential" or "Confidential – Attorneys' Eyes Only" information produced in the course of proceedings herein including discovery and settlement discussions shall be used only for the purpose of preparing for and conducting this Litigation (including appeals) and not for any business, research, development, or other purpose whatsoever, and shall not be given, shown, or made available or communicated or summarized in any way to anyone except persons specified in Paragraph 10 below who have read and are bound by the terms of this Stipulated Protective Order.

5. **Disclosure of Information in Other Proceedings.** If any party: (a) is subpoenaed in another action; (b) is served with a demand in another action to which it is a party; or (c) is served with any other legal process by one not a party to this action, seeking information or material which was produced or designated as "Confidential" or "Confidential – Attorneys' Eyes Only" by someone other than that party, the party shall give prompt actual written notice, by hand, facsimile or email transmission, within three (3) business days of receipt of such subpoena, demand or legal process, to those who produced or designated the information or material "Confidential" or "Confidential – Attorneys' Eyes Only" and shall object to its production by setting forth the existence of this Stipulated Protective Order. Should the person seeking access to the information or material take action against the party or anyone else covered by this Stipulated Protective Order to enforce such a subpoena, demand or other legal process, it shall be the responsibility of the party who produced the Confidential Material to intervene and respond. Nothing herein shall be construed as requiring the party who produced the Confidential Material or anyone else covered by this Stipulated Protective Order to challenge or appeal any order requiring production of information or material covered by this Stipulated Protective Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

6. **Confidential Material Produced by Non-Parties.** This Stipulated Protective Order shall apply to the Parties to this Proceeding and also to any other person producing or disclosing "Confidential" or "Confidential – Attorneys' Eyes Only" information in this

Proceeding who agrees or is ordered to be bound by this Stipulated Protective Order. If, in the course of this action, information is sought from a non-party which would require such person to disclose and/or produce "Confidential" or "Confidential – Attorneys' Eyes Only" information, such non-parties may obtain the protections of this Stipulated Protective Order by agreeing in writing to produce information pursuant to this Stipulated Protective Order and to be bound by it. No further order of this Court shall be necessary to extend the protections of this Order to non-parties.

7. **Designating Documents.** Documents, exhibits, briefs, memoranda, interrogatory responses, responses to requests for admission, or other materials (apart from depositions or other pretrial or trial testimony) may be designated as "Confidential" or "Confidential – Attorneys' Eyes Only" (or just "Attorneys' Eyes Only") by inputting such designation at a non-interfering location on each page of any document containing any confidential information or material at the time such documents are produced or such information is disclosed, or within a reasonable time thereafter as the party or non-party seeking protection becomes aware of either the confidential nature of the information or material disclosed or the inadvertent disclosure of the material sought to be protected hereunder.

8. **Designating Deposition Testimony.** Deposition testimony may be designated in whole or in part, as "Confidential" or "Confidential – Attorneys' Eyes Only" Information by: (i) oral designation on the record, in which case the person making the designation shall instruct the Court Reporter to bind the "Confidential" and "Confidential – Attorneys' Eyes Only" portion of the deposition transcript separately and to stamp the words "Confidential" or "Confidential – Attorneys' Eyes Only," as appropriate, on each transcript page so designated; or (ii) by written notice of such designation sent by counsel to all Parties within ten (10) business days after the mailing (via overnight mail) to counsel of the transcript of the deposition. During a deposition, the deponent or his or her counsel, or any other counsel of record present at the deposition representing a client holding confidentiality rights in the confidential information, may invoke the provisions of this Stipulated Protective Order in a timely manner, giving adequate warning to counsel for the party or non-party that testimony about to be given is deemed "Confidential" or "Confidential – Attorneys' Eyes Only." The Parties shall treat all deposition and other pretrial

4

and trial testimony as "Confidential – Attorneys' Eyes Only" hereunder until the expiration of ten (10) business days after the mailing (via overnight mail) to counsel of the transcript of the deposition. Unless so designated, any confidentiality is waived after the expiration of the 10-day period unless otherwise stipulated or ordered. The Parties may modify this procedure for any particular deposition or proceeding through agreement on the record at such deposition or proceeding or otherwise by written stipulation, without further order of the Court. If any document or information designated as "Confidential" or "Attorneys' Eyes Only" is used during the course of a deposition, that portion of the deposition record reflecting such confidential information shall be subsequently sealed and stamped with the designated degree of confidentiality, and access thereto shall be limited pursuant to the other terms of this Stipulated Protective Order.

9. **Subsequent Designations.** Documents, deposition transcripts, and other information may be designated as "Confidential" or "Attorneys' Eyes Only" pursuant to Paragraphs 2 and 3 above, after they have been produced without having been so designated in the following manner:

   A. Counsel for the Parties to whom such documents, testimony, or other information have been disclosed must be advised in writing of the new designation;

   B. The designation applies only as of the date and time of receipt of notice by each person notified;

   C. Counsel for the Parties receiving notice of newly designated documents, testimony or other information, shall take reasonable steps to comply with such new designation, including reasonable steps to retrieve any documents distributed inconsistently with such new designation, but shall not be responsible for any disclosure to non-parties occurring before receipt of notice described in Paragraph 9.A.;

5

D. Counsel for the Designating Party will provide counsel for the party receiving the notice with another copy of the documents, deposition testimony, or other information that bears the proper designation.

10. **Persons to Whom Confidential Material May Be Disclosed.** Confidential Material may be disclosed only as follows:

A. Materials received from a Designating Party and designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to this Stipulated Protective Order, including copies thereof, extracts therefrom, compilations and/or summaries thereof and any information therein, may be disclosed only to the following persons:

(1) Any attorney who serves as outside counsel to any party to this Litigation and all attorneys, legal assistants, stenographic and clerical employees and other employees working under the supervision of such attorney;

(2) The Parties' independent expert(s) or consultant(s), but only to the extent that the procedure set forth in Paragraph 12 is followed;

(3) Any person of whom testimony is taken, where such person was the author or specified recipient of the designated material or is the present employee or expert witness for the Designating Party, or where counsel for the Designating Party has, either before or during the deposition, approved the disclosure of such materials to that person, except that such person may not retain any such materials;

(4) The Court and court personnel in this Proceeding, including Court Reporters, in accordance with Paragraph 13 herein; and

(5) Any outside agency providing graphics or design or document services for purposes of preparing demonstrative or other exhibits in this Litigation and any non-technical jury or trial consulting services, provided that any such agency agrees to be bound by this Stipulated Protective Order by signing a copy of the acknowledgment form attached as Exhibit B.

B. Materials designated "CONFIDENTIAL" pursuant to this Stipulated Protective Order, including copies thereof, extracts therefrom, compilations and/or summaries thereof and any information therein, may be revealed to the

6

persons designated in subparagraph 9.A., above, as well as to the following persons:

    (1)    Five designated business persons or in-house counsel on behalf of Merck and five designated business persons or in-house counsel on behalf of ProThera. The Parties shall set forth in Exhibit A its five designated persons who will have access to Materials designated "CONFIDENTIAL" pursuant to this subparagraph at the time of the execution of this Stipulated Protective Order by the Parties' respective counsel. These designated persons may only be changed if they are no longer employed (either voluntarily or involuntarily) or no longer associated in any way with the respective Parties to this Proceeding; and

    (2)    Any other person as to whom the Parties first agree in writing, which agreement will not be unreasonably withheld.

11. **Limited Exceptions.**

A. **Witnesses.** If a document designated "Confidential" refers to the conduct or affairs of a potential witness, the Parties' attorneys may discuss such conduct or affairs with the witness without revealing that such a document exists, its author, or its source.

B. **Certain Information Not Subject to Scope of Order.** This Stipulated Protective Order has no effect upon, and shall not apply to, a party's use or disclosure of its own confidential information for any purpose. Nothing contained herein shall impose any restrictions on the use or disclosure by a party of documents, information or material designated as "Confidential" or "Confidential – Attorneys' Eyes Only," obtained lawfully by such party independently of any proceedings in this action, or which: (a) was, is, or becomes public knowledge, not in violation of this Stipulated Protective Order; (b) is rightfully received by such party from a third party which has authority to provide such information or material and without restriction as to disclosure; or (c) the receiving party can establish that the information was in its rightful and lawful possession at the time of disclosure or was developed independently by the receiving party without the use of Confidential Material.

7

12.  **Consultants.**  For purposes of Paragraph 10.A(2) herein, an expert or consultant (collectively referred to herein as "consultants") shall be defined as a person who is neither an employee of a party nor anticipated to become an employee in the near future, and who is retained or employed as a *bona fide* consultant or expert for purposes of this litigation, whether full or part time, by or at the direction of counsel for a party. The procedure for having a consultant approved for access to materials designated as "Confidential" or "Confidential – Attorneys' Eyes Only" shall be as follows:

    A.    The party seeking to have a consultant approved shall provide the other party with a current resume or curriculum vitae of such person, which shall include a description of past and present employers and persons or entities with whom the consultant has been engaged in any consulting relationships in the last five years, and a copy of a completed and signed undertaking in the form attached hereto as Exhibit B.

    B.    Within seven (7) business days, or such time as the Parties thereafter agree in writing, after mailing (via overnight delivery) or emailing of the information and signed undertaking described in subparagraph 12.A. by the party seeking approval, a party may object to the person proposed for approval if facts available to that party give it reason to believe there is a reasonable likelihood that the designated person may use information designated "Confidential" or "Confidential –Attorneys' Eyes Only" for purposes other than related to this Proceeding ("Notice of Objection"). The Notice of Objection shall set forth the reasons for objecting to the designated person. Failure to object within seven (7) business days to a person proposed shall be deemed approval (unless the Parties have agreed in writing to a contrary different time frame), but shall not preclude a party from objecting to continued access to "Confidential" or "Confidential – Attorneys' Eyes Only" information by that person where facts suggesting a good faith basis for objection are subsequently learned by the party or its counsel.

    C.    If a party so objects, the requesting and objecting party shall within five (5) business days from the date of the receipt of Notice of Objection, confer and

attempt to resolve the dispute ("Objection Conference"). If the Parties cannot resolve the dispute, or if the conference does not take place, then, within twelve (12) business days from the date of receipt of the Notice of Objection, the objecting party may move the Court for an order that access to information designated "Confidential" or "Confidential- Attorneys' Eyes Only" be denied to the designated person. While the motion is pending, the Consultant will be denied access to designated material. These time periods are not to restrict a party from moving for a court order earlier if the circumstances so require. Failure to file a motion within this period shall constitute waiver of the specific objection discussed in the Notice of Objection and/or the Objecting Conference, but shall not preclude a party from objecting to continued access of "Confidential" or "Confidential – Attorneys' Eyes Only," information where facts suggesting a good faith basis for objection are subsequently learned by the party or its counsel.

D.   Identification or disclosure of the identity of a consultant pursuant to the terms of this provision shall not constitute a waiver of the work product privilege related to that consultant's activities; such privilege shall extend to written and oral communications between the consultant and the respective attorney(s) but shall not extend to any facts provided to consultant.

E.   Confidential Material shall be disclosed to an expert or consultant only to the extent necessary for the expert or consultant to perform his or her work in connection with the litigation.

13.   **Court Filings and Proceedings Involving "Confidential" Information.** Documents, interrogatory responses, responses to requests for admission, depositions transcripts, or other information or material designated as "Confidential" or "Confidential – Attorneys' Eyes Only," where filed with the pleadings or as evidence, shall be delivered sealed to the Clerk of the Court and shall not be available for public inspection. Pleadings, memoranda or other papers containing information or material designated as "Confidential" or "Confidential – Attorneys' Eyes Only" shall also be filed in sealed envelopes marked with the case name and number of this action, the title of the paper which contains the information or material designated as

9

"Confidential" or "Confidential – Attorneys' Eyes Only," and a statement substantially in the following form:

> **THIS ENVELOPE CONTAINS DOCUMENTS AND/OR TESTIMONY WHICH HAVE BEEN FILED BY [NAME OF PARTY] AND DESIGNATED AS [INSERT APPROPRIATE DESIGNATION] AND SUBJECT TO THE TERMS OF A STIPULATED PROTECTIVE ORDER OF THIS COURT. IT IS NOT TO BE OPENED NOR THE CONTENTS DISPLAYED OR REVEALED EXCEPT BY ORDER OF THE COURT.**

A. Any Court hearing which refers to or describes "Confidential – Attorneys' Eyes Only" or "Confidential" information shall in the Court's discretion be *in camera.*

B. Any document or transcript designated as "Confidential Pursuant to Court Order," "Confidential" or "Confidential – Attorneys' Eyes Only," which is lodged or filed with the Court, shall be maintained under seal by the Clerk and shall be made available only to the Court and counsel for the Parties, until further order of this Court.

14. **Resolution of Disputes.** Whenever a party objects to the classification of a document or transcript as "Confidential" or "Confidential – Attorneys' Eyes Only," as defined in Paragraphs 2 and 3 herein, it shall, in writing so inform the Designating Party. Once informed of an allegedly improper designation, the Designating Party has seven (7) business days to respond and provide its bases for the asserted designation. The Parties must thereafter conduct a good faith conference to discuss the continued validity of the asserted designation within five (5) business days after the bases for the continued, asserted designations are served. To the extent the Parties are unable to reach an agreement as to the designation, the objecting party may make an appropriate application to this Court within seven (7) business days after conferring with the objecting party or, if the required conference between the Parties does not take place, within twelve (12) business days after the bases for the continued, asserted designations are served, with confidential portions thereof to be kept under seal, requesting that specifically identified documents, information, and/or deposition testimony be afforded treatment under the provisions of this Stipulated Protective Order. Upon such application, the party asserting confidentiality

bears the burden to establish same. The prevailing party upon such motion shall be entitled to recover its attorneys' fees and costs unless the Court shall determine that the opposition was substantially justified. Failure to file a motion within this period shall constitute waiver of the specific objection. Until the Court enters an order changing the designation of the document or transcript which is to be the subject of the application, it shall be afforded the "Confidential" or "Confidential – Attorneys' Eyes Only" treatment described in Paragraph 10 herein.

15.    **Disposition of Confidential Material Following Conclusion of Litigation.** The provisions of this Stipulated Protective Order shall, absent written permission of the producing party or further order of the Court, continue to be binding throughout and after the conclusion of this Proceeding, including without limitation any appeals therefrom. Within thirty (30) days after termination of this Litigation and the expiration of time for all appeals, all originals and copies of a Party's Confidential Material (except as set forth in 15.A. below) shall be returned to counsel for the respective party that produced such Confidential Material, and any copies of electronic files transferred onto a computer hard drive will be erased. All extracts from Confidential Material, summaries and compilations thereof, and all written, graphic, and recorded versions of information therein, shall be destroyed by each recipient of the material and a certificate of their destruction will be provided to the Designating Party upon request. The termination of proceedings in this action shall not thereafter relieve the Parties from the obligation to maintain the confidentiality of all Confidential Material received pursuant to this Stipulated Protective Order. Any Confidential Materials received from non-parties will be destroyed by the receiving Parties within thirty (30) days after termination of this Litigation and the expiration of time for all appeals.

    A.    Outside attorneys described in Paragraph 10.A(1) above shall be entitled to retain "Confidential" or "Confidential – Attorneys' Eyes Only" pleadings, correspondence, discovery requests and responses, deposition transcripts of its own client's witnesses, trial transcripts and exhibits, and attorney work product, provided that such counsel and employees of such counsel not disclose any such information and material designated as "Confidential" or "Confidential – Attorneys' Eyes Only" contained in such pleadings, correspondence, discovery

requests and responses, transcripts and exhibits, or attorney work product to any person or entity except pursuant to a written agreement with the producing party of the information or material or unless compelled to do so by law.

  B. All materials returned to the Parties or their counsel by the Court likewise shall be disposed of or retained in accordance with this paragraph.

16. **Continuing Obligation/Retention of Jurisdiction.** This Order shall continue to be binding after the conclusion of this litigation, and the Court shall retain limited jurisdiction over the Parties hereto for purposes of enforcing any obligations imposed hereby.

17. **Use in Court.** In the event any information or material designated as "Confidential" or "Confidential – Attorneys' Eyes Only" hereunder is used in any court proceeding in this action or any appeal therefrom without such designation, such information or material shall not lose its status as "Confidential" or "Confidential – Attorneys' Eyes Only" through such use. Counsel for the Parties shall confer on such procedures as are necessary to protect the confidentiality of any documents, information and transcripts used in the course of any court proceedings, and shall incorporate such procedures, as appropriate, in the pre-trial order.

18. **Acknowledgment of Jurisdiction.** All counsel for the Parties who have access to information or material designated as "Confidential" or "Confidential – Attorneys' Eyes Only" under this Stipulated Protective Order acknowledge they are bound by this Order to submit to the jurisdiction of this Court for purposes of enforcing this Order.

19. **Non-Parties.** In the event information in the possession or control of a party involves the confidentiality rights of a non-party, or its disclosure would violate a Stipulated Protective Order issued in another action or other judicial or governmental order, the party with possession or control of the information will attempt to obtain the consent of the non-party to disclose the information under this Order. If the consent of the non-party cannot be obtained, the party will notify the party seeking discovery of (a) the existence of the information without producing such information; and (b) the identity of the non-party (provided, however, that such disclosure of the identify of the non-party does not violate any confidentiality obligations). The

party seeking discovery may then make further application to the non-party or seek other means to obtain such information.

20. **Inadvertent Production of Materials to Unauthorized Non-Parties.** Should any information designated as "Confidential" or "Confidential – Attorneys' Eyes Only" be disclosed, through inadvertence or otherwise, to any person not authorized to receive same under this Order, then the disclosing party shall use its best efforts to bind such person to the terms of this Order. Specifically, the disclosing party shall: (a) promptly inform such person of all the provisions of this Order; (b) identify such person immediately to the Designating Party; and (c) request such person to sign the agreement in the form attached hereto as "Exhibit B." The executed agreement shall be promptly served by overnight mail or email upon the Designating Party.

21. **Inadvertent Production of Privileged Documents.** If a party inadvertently produces a document that it later discovers to be a privileged document, the production of that document shall not be deemed to constitute the waiver of any applicable privileges. In such circumstances, the producing party must immediately notify the receiving party of the inadvertent production, and request the return or confirmed destruction of the privileged materials. Within five (5) days of receiving such notification, the receiving party shall return or confirm destruction of all such materials, including any summaries, compilations, etc., thereof. Such return or confirmation of destruction shall not preclude the receiving party from seeking to compel production of the materials for reasons other than its inadvertent production.

22. **Miscellaneous Provisions.**

   A. The terms of this Stipulated Protective Order shall apply to all manner and means of discovery, including entry onto land or premises, and inspection of books, records, documents, and tangible things.

   B. Adherence to this Stipulated Protective Order in no way constitutes an admission by any party that any information provided in this litigation and not subject to this Stipulated Protective Order is not proprietary or confidential.

13

    C.    This Stipulated Protective Order shall not abrogate or diminish any contractual, statutory or other legal obligation or right of any party or person, nor obligate any party or person to provide any discovery to which it asserts objections.

    D.    Nothing in the foregoing provisions of this Stipulated Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of these proceedings or specific documents or testimony as that party may deem appropriate, including but not limited to restrictions on public disclosure or disclosure to competitors.

    E.    It is the present intention of the Parties that the provisions of this Stipulated Protective Order shall govern discovery and other pretrial and trial and appeal proceedings in this action. Nonetheless, each of the Parties hereto shall be entitled to seek modification of this Stipulated Protective Order by application to the Court on notice to the other party hereto for good cause. In the event such an application is made, all persons described herein shall be bound by this Stipulated Protective Order until it is modified by the Court.

DONE AND ORDERED this 15th day of April, 2008.

BY THE COURT:

RMB
United States District Court Judge

23. THE COURT RETAINS DISCRETION WHETHER TO AFFORD CONFIDENTIAL TREATMENT TO ANY CONFIDENTIAL DOCUMENT OR INFORMATION CONTAINED IN ANY CONFIDENTIAL DOCUMENT SUBMITTED TO THE COURT IN CONNECTION WITH ANY MOTION, APPLICATION, OR PROCEEDING THAT MAY RESULT IN AN ORDER AND/OR DECISION BY THE COURT.

14

*Richard M. Berman*

STIPULATED AND AGREED TO:

By: /s/ _____
Robert E. Hanlon (RH 8794)
Thomas J. Parker (TP 7219)
Alston & Bird LLP
90 Park Avenue
New York, New York 10016
Tel: 212-210-9400
Fax: 212-210-9444
robert.hanlon@alston.com
thomas.parker@alston.com

*Attorneys for Plaintiffs Merck Eprova AG and Merck KGaA*

By: /s/ _____
James N. Blair (JB 6745)
Snow Becker Krauss P.C.
605 Third Avenue, 25th Floor
New York, New York 10158
Tel: 212-687-3860
Fax: 212-949-7052
jblair@sbklaw.com

Joshua King
Graybeal Jackson Haley LLP
155-108th Avenue, Suite 350
Bellevue, WA 98004-5973
Tel: 425-455-5575
Fax: 425-455-1046
jking@graybeal.com

*Attorneys for Defendant ProThera, Inc.*

15

## EXHIBIT A

Designated Viewers of Confidential Material:

| For Merck: | For ProThera: |
|---|---|
| 1. Vera Katz | 1. Dennis E. Meiss |
| 2. Roger Weibel | 2. Janet L. Ralston |
| 3. Philipp R. Bühler | 3. Danny O. Black |
| 4. | 4. Stephen F. Olmstead |
| 5. | 5. James S. Leigh |

**EXHIBIT B**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MERCK EPROVA AG and<br>MERCK KGaA<br><br>                    Plaintiffs,<br><br>-vs.-<br><br>PROTHERA, INC.,<br><br>                    Defendant. | 08 CV 00035 (RMB) |

**AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER**

The undersigned, _____, hereby acknowledges that he/she received a copy of the Stipulated Protective Order entered in the action entitled *Merck Eprova AG and Merck KGaA v. ProThera, Inc.*, Case No. 08 CV 00035 (RMB), pending in the United States District Court for the Southern District of New York, has read same and: (1) agrees to be bound by all of the provisions thereof; (2) submits to the jurisdiction of the United States District Court for the Southern District of New York for matters relating to this action; and (3) hereby appoints _____ as his/her agent for service of process in connection with this action.

Date:_____                    _____
                                        [Signature of individual to whom disclosures will be made]