USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/10/08

**ALSTON&BIRD** LLP

90 Park Avenue
New York, NY 10016

212-210-9400
Fax:212-210-9444
www.alston.com

**MEMO ENDORSED**

p3



RECEIVED
JUL 08 2008
CHAMBERS OF
RICHARD M. BERMAN
U.S.D.J.

Robert E. Hanlon       Direct Dial: 212-210-9410       E-mail: robert.hanlon@alston.com

July 9, 2008

*VIA HAND DELIVERY*

Honorable Richard M. Berman
United States District Court
Southern District of New York
40 Centre Street, Courtroom 706
New York, New York 10007

    Re:    *Merck Eprova AG and Merck KGaA v. ProThera, Inc.*, Civil Action No. 08 CV 00035 (RMB)

Dear Judge Berman:

    We represent Merck Eprova AG and Merck KGaA (collectively "Merck") in the above-captioned case. In accordance with Your Honor's Individual Practice Rule 1(E), Merck respectfully requests that the Court extend the close of discovery an additional sixty (60) days. The Case Management Plan (Docket No. 10) provides that discovery is to be completed by July 15, 2008. Merck seeks a 60-day extension of this deadline because additional time is needed to conduct discovery.

    Defendant ProThera, Inc.'s ("ProThera") conduct regarding its supposed production of responsive, relevant documents necessitates an extension. In response to Merck's First Request for Production of Documents, ProThera indicated on May 13, 2008 that it would produce non-objectionable, non-privileged documents. During a teleconference on May 15, 2008, ProThera indicated for the first time that it would not be searching its files for nor producing copies of responsive documents. Instead, ProThera stated that it would be giving Merck access to its *entire* offices and warehouse in *Reno, Nevada*—nearly 2,700 miles away from this jurisdiction. Merck immediately objected to ProThera's proposal noting that such a "production" was unduly burdensome and required Merck to expend unreasonable effort identifying responsive documents. Merck's counsel invited ProThera's counsel to make a proposal as to how it would make its documents available, so Merck could determine whether such a proposal was consistent with case law and ProThera's obligations under Federal Rule of Civil Procedure 34.

    ProThera's proposal of May 21, 2008 provided that ProThera will "produce *every non-privileged document* at ProThera's offices and warehouse in Reno, Nevada." *See* Exhibit A (without attachments) (emphasis added). ProThera's claims of being

Honorable Richard M. Berman
July 9, 2008
Page 2

transparent make a ruse of its discovery obligations. Courts have aptly acknowledged that "the responding party cannot attempt to hide a needle in a haystack by mingling responsive documents with large number of nonresponsive documents." *See Williams v. Taser Int'l, Inc.*, 2006 U.S. Dist. LEXIS 47255, at *22 (N.D. Ga. June 30, 2006); *see also Brakta v. Anheuser-Busch Co, Inc.*, 164 F.R.D. 448, 462-63 (S.D. Ohio 1995). In an effort to impede effective discovery, this is exactly what ProThera has done.

Furthermore, ProThera's burdensome proposal requires our client in Switzerland to travel to Nevada to serve as a scientific consultant. Given the technical issues involved in this litigation, our client must be present to assist Merck's counsel as we review ProThera's documents.

Nevertheless, Merck has been willing to work with ProThera. After numerous discussions, during the month of June, ProThera finally agreed to more specifically define the manner and nature of its production, and has indicated that it will provide guidance as to where responsive documents can be found. During such discussions, Merck also inquired as to how ProThera intended on producing its responsive electronic documents, to which ProThera responded that it would turnover a hard drive for our review. We have yet to receive any hard drive.

As demonstrated above, ProThera's offer to make documents available has effectively delayed discovery and required Merck to seek the instant extension. While Merck believed that the more reasonable approach is for ProThera to produce its documents in New York, Merck is willing to expend significant time and expense to travel to Nevada to review documents along with a scientific consultant, provided that ProThera makes its documents available in accordance with the Federal Rules of Civil Procedure and relevant case law. We have been discussing with our client its availability to travel to Nevada and hope to set a date with ProThera shortly.

Unlike ProThera's counsel, Merck's counsel undertook the trouble of traveling to Merck's offices (in Switzerland) to supervise the collection of responsive documents and is prepared to make its documents available in New York shortly. Merck has been working diligently to produce documents responsive to ProThera's sixty-four (64) document requests which were not served until May 23, 2008.

Moreover, the parties have been engaged in settlement discussions over the past few months and Merck believes that additional time will facilitate continued negotiations. The parties are attempting to narrow the issues involved in this case. In fact, Merck's responses to ProThera's Requests for Admission are not due until July 15th – the presently scheduled last day of discovery.

This is Merck's first request for an extension of the discovery deadline. ProThera does not consent to Merck's request for an extension. ProThera believes that there has been adequate time to conduct discovery based on its contention that this case involves a

Honorable Richard M. Berman
July 9, 2008
Page 3

few issues and a small amount of money, in addition to its belief that it satisfactorily made its documents available on May 21st. For the reasons stated above, we respectfully disagree.

In conclusion, Merck respectfully requests a sixty (60) day extension to the close of discovery, i.e., until September 15, 2008. Because of ProThera's conduct regarding its production of documents, Merck's gathering of documents in Europe, and ongoing settlement discussions, Merck submits that an extension is necessary and appropriate. Should the Court grant such an extension, Merck requests that the Court reschedule the settlement conference presently scheduled for July 16, 2008, to a date and time after September 15, 2008 that is convenient and agreeable to the Court. Thank you for your consideration of this matter.

Respectfully submitted,

*/s/ Robert E. Hanlon*

Robert E. Hanlon

Enclosure

cc:   Counsel of Record (via first class mail and email)

---

Take up with Magistrate Judge Francis.

SO ORDERED
Date: 7/10/08

*/s/ Richard M. Berman*
Richard M. Berman, U.S.D.J.