```
UNITED STATES DISTRICT COURT                      (ECF)
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -:
MERCK EPROVA AG and MERCK KGaA,     : 08 Civ. 0035 (RMB) (JCF)
                                    :
          Plaintiffs,               :    MEMORANDUM
                                    :    AND ORDER
     - against -                    :
                                    :
PROTHERA, INC.,                     :
                                    :
          Defendant.                :
- - - - - - - - - - - - - - - - - -:
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE
```

On September 17, 2009, I issued a Memorandum and Order determining a motion by plaintiffs Merck Eprova AG and Merck KGaA (collectively, "Merck") to disqualify one of the counsel for defendant Prothera, Inc.  Because Merck had previously raised concerns that my opinion might contain confidential information, I filed the decision under seal and invited the parties to suggest redactions for the version that would be publicly filed.  Merck has now done so by letter dated September 28, 2009, which has also been filed under seal.

Court records are presumptively open to the public.  See United States v. Amodeo, 44 F.3d 141, 145 (2d Cir. 1995) ("Amodeo I"); McDonough v. Nassau County Board of Cooperative Educational Services, No. 05 CV 2507, 2008 WL 565511, at *1 (E.D.N.Y. Feb. 29, 2008); Encyclopedia Brown Productions, Ltd. v. Home Box Office, Inc., 26 F. Supp. 2d 606, 610 (S.D.N.Y. 1998).  That is particularly true of documents that "directly affect an

1

adjudication," such as a judicial opinion.  United States v. Amodeo, 71 F.3d 1044, 1049 (2d Cir. 1995) ("Amodeo II"); see also McDonough, 2008 WL 565511, at *1.  Indeed, "[n]othing could more 'directly affect' the adjudication than the Opinion itself." Scheiner v. Wallace, No. 93 Civ. 0062, 1996 WL 633226, at *1 (S.D.N.Y. Oct. 31, 1996).  In such instances, a document should not be sealed "absent the most compelling reasons." Joy v. North, 692 F.2d 880, 893 (2d Cir. 1982) (applying standard to submissions of parties).

Of course, "it is proper for a district court, after weighing competing interests, to edit and redact a judicial document in order to allow access to appropriate portions of the document . . . ." Amodeo I, 44 F.3d at 147; see also S.E.C. v. TheStreet.com, 273 F.3d 222, 231 (2d Cir. 2001).  Among the interests that may be weighed against the right of public access is the private interest in maintaining trade secrets.  See TheStreet.com, 273 F.3d at 231 n.10 (quoting Amodeo I, 44 F.3d at 147).

Here, Merck has failed to overcome the presumption in favor of access to a judicial opinion.  Although it asserts that revelation of the material that it seeks to have redacted would harm its business, it advances this argument in only the most general terms. Indeed, most of the information that Merck asks to delete from the opinion is either already publicly available as part of Merck's

patent applications or could be readily inferred from those applications. Conclusory allegations of commercial injury are an insufficient basis for redacting or sealing a judicial opinion.

Conclusion

For the reasons set forth above, Merck's application to redact portions of the publicly-filed version of my September 17, 2009 Memorandum and Order is denied, and that document shall be unsealed. This order is stayed for three days so that Merck may appeal this ruling if it is so advised.

SO ORDERED.

*[signature]*

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:   New York, New York
         October 6, 2009


Copies mailed this date:

Robert E. Hanlon, Esq.
Thomas J. Parker, Esq.
Natalie C. Clayton, Esq.
Rowan E. Morris, Esq.
Victoria E. Spataro, Esq.
Alston & Bird, LLP
90 Park Avenue
New York, New York 10016

Gregory F. Wilson, Esq.
Wilson & Quint, LLP
417 West Plumb Lane
Reno, NV 89509

James N. Blair, Esq.
Snow Becker Krauss PC
605 Third Avenue
New York, New York 10158

Joshua King, Esq.
Graybeal Jackson Haley LLP
155-108th Avenue, NE
Suite 350
Bellevue, WA 98004

Charles J. Raubicheck, Esq.
Nicholas F. Giove, Esq.
Frommer, Lawrence & Haug, LLP
745 Fifth Avenue
New York, New York 10151