# ALSTON&BIRD LLP

**MEMO ENDORSED**
p.2

90 Park Avenue
New York, NY 10016
212-210-9400
Fax: 212-210-9444
www.alston.com

RECEIVED JUL 22 2010 CHAMBERS OF RICHARD M. BERMAN U.S.D.J.

Natalie C. Clayton                    Direct Dial: 212-210-9573       E-mail: natalie.clayton@alston.com

July 21, 2010

*VIA OVERNIGHT DELIVERY*

Honorable Richard M. Berman
United States District Court
Southern District of New York
500 Pearl Street, Room 650
New York, NY 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/28/10

Re:   *Merck KGaA and Merck Eprova AG v. ProThera, Inc.*, Case No. 08-CV-00035

Dear Judge Berman:

We represent the Plaintiffs, Merck KGaA and Merck Eprova AG (collectively "Merck"), in the above matter. We write in response to Defendant ProThera Inc.'s letter of July 21, 2010, which requests the Court to strike Merck's Surreply in Opposition to ProThera's Motion for Partial Summary Judgment.

As an initial matter, to the extent that ProThera's letter implies that Merck and its counsel intentionally violated the Court's order, this is simply untrue. Merck and its counsel honestly believe that the text of the Court's scheduling order intends for Merck to file a surreply regardless of whether Merck cross-moved for summary judgment. ProThera's continued attempts in its letter and in its summary judgment papers to impugn Merck's counsel without basis should not be countenanced.

If Merck misunderstood the Court's intention as to the right to file a surreply, then Merck seeks, *nunc pro tunc*, permission of the Court to file its surreply.

After the filing of Merck's Opposition to ProThera's Motion for Partial Summary Judgment, a decision was issued that is directly on point regarding ProThera's FDA preclusion argument. Judge Carnes, sitting for the United States District Court for the Northern District of Georgia, issued an order denying a defendant's motion to dismiss a plaintiff's false advertising claim on grounds of FDA preclusion where the exact same dietary ingredient and false advertising claims as in this case were present. Merck's surreply is, in significant part, directed to bringing the holding in that case to the Court's attention. Merck and ProThera have an obligation to apprise the Court of any new case law relevant to any pending motions, and Merck's surreply complies with this obligation.

With respect to ProThera's allegation that Merck's surreply also sets forth new arguments related to deception, while Merck acknowledges that this is true, it was done in response to new

arguments and case law in ProThera's reply papers related to implied falsity that were not present in its opening papers.

Thus, Merck did not intentionally disregard the Court's scheduling order by filing a surreply, but believes that it complied with the text of the Order. Additionally, even if the Order did not contemplate the filing of a surreply, Merck respectfully submits its concise surreply is warranted under the current circumstances and requests that it be permitted.

Respectfully submitted,

/s/ Natalie C. Clayton

Natalie C. Clayton

cc: Counsel of Record

---

Defendant may respond to Plaintiffs' Surreply by Friday 7/30. Max 5 pages.

SO ORDERED:
Date: 7/28/10      Richard M. Berman

Richard M. Berman, U.S.D.J.